IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. No. DLB-14-217 |
| PEDRO VILLALONA-TORRES, | * | |
| Defendant. | * | |

**MEMORANDUM**

Pedro Villalona-Torres is serving a 97-month sentence in federal prison for conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and possession of controlled substances with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). He seeks compassionate release from prison. He has not shown he is entitled to this relief.

**I.    Background**

Between December 2012 and December 2013, Villalona-Torres conspired with his co-defendant Emil Sanchez and others to distribute and possess with intent to distribute five kilograms or more of cocaine. ECF 127, at 4. They coordinated the delivery of cocaine from New York to Maryland, and Villalona-Torres traveled from New York to Maryland repeatedly to deliver cocaine to Maryland distributors and to discuss distribution. *Id.*

On March 4, 2016, Villalona-Torres pled guilty to Counts One and Two of the Superseding Indictment, which charged him with conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and possession of controlled substances with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). ECF 90. On October 21, 2019, Villalona-Torres was sentenced to 100 months' imprisonment on Count One and a concurrent term of 100 months' imprisonment on Count Two, for a total term of 100 months' imprisonment, followed by five years

of supervised release as to Count One and three years of supervised release as to Count Two, for a total term of five years' supervised release. ECF 129. The Court accepted the government's motion for a safety valve, which reduced the guidelines range for Counts One and Two to 121–151 months, and the sentence represented a downward variance of 21 months from the reduced guidelines range. ECF 130.

On February 28, 2024, Villalona-Torres filed a motion for a reduction in his sentence under 18 U.S.C. § 3582(c)(2) based on the retroactive application of Amendment 821 to the U.S. Sentencing Guidelines ("U.S.S.G."), which reduced his guidelines range to 97–121 months for Counts One and Two. ECF 165. The Court granted the motion and entered an order reducing his sentence from 100 months' imprisonment to 97 months' imprisonment. ECF 168.

On October 22, 2024, Villalona-Torres filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) on compassionate release grounds because he received a downward variance in the original judgment but not in the amended judgment and he has rehabilitated himself in prison. ECF 172. The Federal Public Defender declined representation. ECF 175.

Because Villalona-Torres has not shown extraordinary and compelling reasons for a sentence reduction, his motion for compassionate release is denied.

**II.   Discussion**

Generally, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also United States v. Ferguson*, 55 F.4th 262, 267 (4th Cir. 2022). However, the First Step Act, enacted in December 2018, permits courts to reduce a prison sentence on a defendant's motion if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); First Step Act, Pub. L. 115-391 § 603(b), 132 Stat. 5239

Case 8:14-cr-00217-DLB   Document 178   Filed 04/15/25   Page 3 of 5

(2018). If these criteria are met, the court then considers the applicable factors in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission's Policy Statement, as amended on November 1, 2023, provides that "extraordinary and compelling reasons" for release exist when (1) the defendant has a terminal illness or a serious physical or mental health condition that substantially and permanently diminished the defendant's "ability . . . to provide self-care" or that requires "long-term or specialized medical care" that the prison is not providing, or there is or imminently will be an infectious disease outbreak or public health emergency at the facility where the defendant is housed, the defendant is at an increased risk of severe medical complications or death from exposure, and that risk cannot be mitigated; (2) the defendant is at least 65 years old and other criteria are met; (3) "the caregiver of the defendant's minor [or incompetent] child" dies or is incapacitated; the defendant's spouse, registered partner, parent, immediate family member, or other "individual whose relationship with the defendant is similar in kind" is incapacitated and there is no other available caregiver; (4) someone in custody or control of the defendant, while they were serving the sentence they seek to reduce, sexually abused them or caused "serious bodily injury" from physical abuse; (5) "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)"; or (6) the defendant has served at least 10 years of an unusually long sentence. U.S.S.G. § 1B1.13(b)(1)–(6). Under subpart (5), the court has "broad discretion . . . to consider a wide array of extraordinary and compelling justifications for release." *United States v. Brown*, No. JKB-08-cr-415, 2023 WL 8653179, at *2 (D. Md. Dec. 13, 2023); *see also United States v. McCoy*, 981 F.3d 271, 288 (4th Cir. 2020) (noting, before § 1B1.13 was amended, the court makes a

discretionary determination of whether extraordinary and compelling reasons justify reduction of a sentence).

Villalona-Torres argues that the absence of a downward variance in the amended judgment and his rehabilitation are extraordinary and compelling reasons for a reduction in sentence. They are not.

Villalona-Torres argues that when he was sentenced, the guidelines range was 121–151 months and he was granted a 21-month downward variance, but when the judgment was amended pursuant to Amendment 821, the guidelines range was 97–121 months and he received a 97-month sentence with no downward variance. He believes that extraordinary circumstances exist because § 1B1.10(b)(2) prohibited the Court from granting a variance when he was resentenced. It is true that, except when the defendant has provided substantial assistance to the government (which is not the case here), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." U.S.S.G. § 1B1.10(b)(2)(A). But the unavailability of a variance on resentencing is not extraordinary: It is the policy of the Sentencing Commission, and the policy applies to all defendants who have not provided substantial assistance. *See id.* Thus, the unavailability of a downward variance at resentencing is not an extraordinary and compelling reason for compassionate release. *See United States v. Spruhan*, No. 5:13-CR-00030, 2023 WL 4186365, at *4 (W.D. Va. June 26, 2023) (finding that, even though § 1B1.10(b)(2)(A) precluded the defendant from receiving a sentence reduction because he had been sentenced below his guidelines range, "that circumstance d[id] not present an extraordinary and compelling reason for a sentence reduction under § 3582(c)(2)" because the Sentencing Commission had "the authority to promulgate and amend the guidelines").

4

As for rehabilitation, Villalona-Torres asserts that he has participated in the non-residential drug awareness program and more than 35 "recidivism approved courses," and he has "acquired over 1745 days of credits, and diligently kept employment throughout [his] imprisonment." ECF 172-1, at 4. His participation in prison programs and rehabilitation are not extraordinary or compelling reasons for compassionate release. *See* U.S.S.G. § 1B1.13(d) (providing "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement").

Villalona-Torres has not shown an extraordinary and compelling reason for compassionate release.

### III.  Conclusion

Because Villalona-Torres has not shown extraordinary and compelling reasons for a sentence reduction, his motion for compassionate release is denied. His motion to expedite the ruling on his motion for compassionate release, ECF 177, is denied as moot.

<u>April 15, 2025</u>  
Date

                                                _____  
Deborah L. Boardman  
United States District Judge